2020 IL App (1st) 171742-U

FIFTH DIVISION
Order filed: August 28, 2020

No. 1-17-1742

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 99 CR 2341 (01) |
| | ) | |
| | ) | |
| KIJEL GRANT, | ) | Honorable |
| | ) | Carol M. Howard, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE HOFFMAN delivered the judgment of the court.
Justice Rochford concurred in the judgment.
Justice Hall specially concurred.

_____

**ORDER**

¶ 1     *Held*:   We reversed the circuit court's order denying the defendant's motion to file a successive postconviction petition setting forth an as-applied challenge under the Proportionate Penalties Clause of the Illinois Constitution to his 50-year sentence for a murder committed when he was 18 years old, having found that the motion

adequately set forth facts establishing both cause and prejudice for the defendant's failure to raise the claim in his initial postconviction petition. As a consequence, we remanded the matter back to the circuit court with directions to grant the defendant's motion to file a successive postconviction petition and advance the petition for a second-stage proceeding under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2006)).

¶ 2    The defendant, Kijel Grant, appeals from an order of the circuit court denying his motion to file a successive postconviction petition seeking relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2006)). For the reasons that follow, we reverse the circuit court's order and remand the matter with directions to grant the defendant's motion to file a successive postconviction petition and advance the petition for a second-stage proceeding under the Act consistent with the opinions expressed herein.

¶ 3    The defendant was charged with first degree murder as the result of the death of Terrance Willis. The evidence at trial established that the defendant and his codefendant, Richard Campbell, fired 15 shots at Willis, who later died of his wounds. At the time of the shooting, the defendant was 18 years old. Following a jury trial, the defendant was convicted of first degree murder and sentenced to 50 years' imprisonment. The defendant filed a direct appeal from his conviction and sentence. This court affirmed both his conviction and sentence. *People v. Grant*, No. 1-01-2159 (2003) (unpublished order under Supreme Court Rule 23). Subsequently, the defendant filed a *pro se* petition seeking relief under the Act. The trial court dismissed the petition at the second stage of that proceeding. The defendant appealed the petition's dismissal, and this court affirmed. *People v. Grant*, 2019 IL App (1st) 152408-U. The defendant's petition for leave to appeal to the Illinois Supreme Court is pending. *People v. Grant*, No. 125222.

¶ 4    On January 6, 2017, the defendant filed a *pro se* motion for leave to file a successive postconviction petition seeking resentencing, attaching his affidavit in support. On February 15,

2017, the defendant filed a motion to amend his petition. The defendant alleged, *inter alia,* that his 50-year sentence for an offense committed when he was 18 years old violates both the eighth amendment to the United States Constitution (U.S. Const., amend. VIII) and the Proportionate Penalties Clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). In support of his claims, the defendant relied upon the United States Supreme Court's reasoning in *Miller v. Alabama*, 567 U.S. 460 (2012), which addressed the constitutionality of mandatory life sentences for juveniles and research showing that an individual's brain is not fully developed at 18. He argued that, in sentencing him to a *de facto* life sentence, the trial court failed to take into consideration his youth and attendant characteristics. The defendant also argued that, in sentencing him to 50 years' imprisonment, the trial court considered in aggravation a prior juvenile adjudication for possession of a firearm that was based upon a statute later declared unconstitutional by the supreme court in *People v. Aguilar*, 2013 IL 112116. On June 9, 2017, the trial court denied the defendant's motion for leave to file his successive postconviction petition, and this appeal followed.

¶ 5    In urging reversal of the order denying him leave to file a successive postconviction petition, the defendant argues only that his motion established both cause for and prejudice from failing to raise constitutional challenges to his 50-year sentence under the eighth amendment to the United States Constitution and the Proportionate Penalties Clause of the Illinois Constitution. On the issue of cause for not raising as-applied constitutional challenges to his 50-year sentence in his initial postconviction petition, the defendant argues that the authorities upon which he relies were not available when he filed his initial postconviction petition. On the question of prejudice, the defendant asserts that the trial court sentenced him to a *de facto* life sentence without first considering his youthfulness and its attendant characteristics. No other argument

seeking reversal is set forth in his brief, and as a consequence, any other basis for reversal of the trial court's order has been forfeited. Ill. S. Ct. R 341(h)(7) (eff. May 25, 2018).

¶ 6    We begin our analysis of the defendant's arguments with the provisions of the Act. Under the Act, a defendant may raise a claim of a constitutional violation in his trial or in sentencing. *People v. Edwards*, 2012 IL 111711, ¶ 21. The Act contemplates the filing of one postconviction petition. *Id.* ¶ 2. Claims not raised in an initial petition are waived (*Id.* ¶ 21), unless the defendant can show cause for and prejudice from failing to raise the claim in the earlier petition or makes a colorable claim of actual innocence (*People v. Robinson*, 2020 IL 123849, ¶ 42).

¶ 7    The defendant's claims that his 50-year sentence is an unconstitutional *de facto* life sentence under both the eighth amendment to the United States Constitution and the Proportionate Penalties Clause of the Illinois Constitution are based upon the Supreme Court's holding in *Miller* and research that has found the brain does not finish developing until an individual is in his mid-20's. In *Miller,* the Supreme Court held that the eighth amendment to the United States Constitution "forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders," and that, before sentencing a juvenile offender to life in prison, the sentencing judge must have the opportunity to consider mitigating factors such as, *inter alia*, the juvenile's age, family and home environment, the effects of familial or peer pressure, and the possibility of rehabilitation. *Miller*, 567 U.S. at 477-79. The defendant argues that youthful offenders, such as himself, should be treated differently than mature adults when being sentenced, and as with juvenile offenders, a trial court must consider the mitigating factors enunciated by the Supreme Court in *Miller* before sentencing an individual convicted of a crime committed when he was 18 to life in prison. He also argues that the factual averments in his

affidavit recount how his childhood led him to a life of violence and show that he is not irretrievably depraved and beyond the possibility of rehabilitation.

¶ 8    On the issue of cause for not raising as-applied constitutional challenges to his sentence in his initial postconviction petition, the defendant argues that the legal authority on which his claims are based post-date the filing and denial of his initial petition. He notes that he filed his initial postconviction petition on June 6, 2001, and it was dismissed on December 18, 2014. And although *Miller*, which forms the theoretical basis for his as-applied constitutional challenges, was decided in 2012, the holding in *Miller* was not found to be retroactive and applicable to discretionary sentences such as his until 2016 with the decision in *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016).

¶ 9    Section 122-1(f) of the Act provides that "cause" is "an objective factor that impeded *** [the defendant's] ability to raise a specific claim during his or her initial postconviction proceedings." A defendant establishes cause when, as in this case, the legal basis for his claim was not available to him when he filed his initial petition. *People v. Davis*, 2014 IL 115595, ¶ 42.

¶ 10    On the question of prejudice, the defendant asserts that the trial court sentenced him to a *de facto* life sentence without first considering his youthfulness and attendant characteristics. According to the defendant, when he was sentenced to a 50-year *de facto* life sentence, the trial court failed to take into consideration the mitigating factors outlined in *Miller*, such as his age, family and home environment, the effects of familial or peer pressure, and the possibility of rehabilitation. In support of the allegation, the defendant attached a transcript of the trial court's comments during his sentencing hearing. He contends that failing to take into consideration the differences in brain development between an 18-year-old offender, such as himself, and an adult

and imposing a *de facto* life sentence violates both the eighth amendment to the United States Constitution and the Proportionate Penalties Clause of the Illinois Constitution.

¶ 11    Prejudice is established in circumstances where the errors asserted in a successive postconviction petition "so infected the trial that the resulting conviction or sentence violated due process." 725 ILCS 5/122-1(f) (West 2016); see also *People v. Pitsonbarger*, 205 Ill. 2d 444, 464 (2002). If, as the defendant argues, the trial court was obligated to consider his age, family and home environment, the effects of familial or peer pressure, and the possibility of rehabilitation and failed to consider those factors before sentencing him to a *de facto* life sentence, he would be able to establish prejudice from his failure to assert an as-applied constitutional challenge to his 50-year sentence in his initial postconviction petition.

¶ 12    Because the defendant was 18 years old when he murdered Willis, "*Miller* does not apply directly to this circumstance." *People v. Harris*, 2018 IL 121932, ¶ 45. "[Y]oung adult defendants are not entitled to a presumption that *Miller* applies to them." *People v. Ruiz*, 2020 IL App (1st) 163145, ¶ 52. In *People v. Harris*, 2018 IL 121932, ¶¶ 54-61, the supreme court set 18 as the age cutoff for sentencing protections in the eighth amendment context. Consequently, the decision in *Harris* foreclosed the defendant's eighth amendment argument that his age and sentence qualify him for the protections afforded to juveniles pursuant to the holding in *Miller*. However, the *Harris* court left open the question of whether a defendant convicted and sentenced to a *de facto* life sentence for a crime that was committed when he was 18 years old could raise an as-applied challenge to his sentence under the Proportionate Penalties Clause of the Illinois Constitution, which provides that "all penalties shall be determined according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." (Ill. Const. 1970, art. I, § 11); *Harris*, 2018 IL 121932, ¶ 48. The supreme court in *Harris* held that such a

claim is more appropriately brought in a proceeding under the Act or by means of a petition pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2016)). *Id.*

¶ 13    However, to satisfy the cause and prejudice prerequisites to the filing of a successive postconviction petition, the defendant must submit enough documentation to allow a court to make that determination. *People v. Smith*, 2014 IL 115946, ¶ 35. "[U]nder *Harris*, a young adult defendant must plead and ultimately prove, that his or her individual characteristics require the application of *Miller*." *Ruiz*, 2020 IL App (1st) 163145, ¶ 52. In his motion for leave to file a successive postconviction petition, the defendant was only required to plead facts justifying further proceedings. *Id*. ¶ 55. At the motion stage, the allegations of fact in his motion and supporting affidavit must be taken as true. *Id*. ¶ 59.

¶ 14    The defendant was required to show "how the evolving science on juvenile maturity and brain development that helped form the basis for the *Miller* decision applies to *** [his] specific facts and circumstances." *Harris*, 2018 IL 121932, ¶ 46. The defendant's affidavit attached to his motion for leave to file a successive postconviction petition goes into great detail of his having been forced to join a "street organization" at age 11½, growing up in a high crime area, witnessing his first killing at age 12, using drugs and drinking at age 12, witnessing family members using drugs, and being physically abused by a family member that continued until he was 14. The defendant also averred that, to fit in, he felt he had no choice but to be in a gang, do what the gang leaders required of him, drink, and use drugs.

¶ 15    We believe that, taken as a whole, the defendant's motion and supporting affidavit satisfy the cause and prejudice prerequisites to the filing of a successive postconviction petition, and therefore, the trial court erred in denying the defendant's motion for leave to file a successive postconviction petition. Consequently, we reverse the trial court's order denying the defendant's

motion to file a successive postconviction petition and remand the matter with directions to grant the defendant's motion and advance the petition for a second stage proceeding on the defendant's claim that his 50-year sentence violated the Proportionate Penalties Clause of the Illinois Constitution.

¶ 16    Reversed and remanded with directions.

¶ 17    JUSTICE HALL, specially concurring:

¶ 18    I agree with the majority that defendant's petition for leave to file a successive postconviction petition should have been granted because defendant established both cause and prejudice under the Proportionate Penalties Clause of the Illinois Constitution. I write separately because I would have declined to address defendant's eighth amendment challenge because the case defendant primarily relied on to support his argument was reversed by our supreme court in *People v. Harris*, 2018 IL 121932.